■ In the Matter of ANONYMOUS, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [927 NYS2d 1]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered July 13, 2010, which denied the petition brought pursuant to CPLR article 78 for a permanent injunction prohibiting respondents from proceeding with an investigation into professional misconduct by petitioner, a physician, and declaring respondents' discovery procedures unlawful and unconstitutional, and granted respondents' motion to dismiss the petition, unanimously affirmed, without costs.

Petitioner contends that there was excessive delay in bringing charges against her after the determination was made that charges were warranted. Conclusory allegations that the passage of time has dulled witnesses' memories do not demonstrate actual prejudice (*Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 181 [1985], *cert denied* 476 US 1115 [1986]). Moreover, more than half of this period was taken up with negotiations between the parties, which petitioner asked to be conducted before formal charges were issued against her. Thus, we find that petitioner failed to establish unreasonable delay pursuant to State Administrative Procedure Act § 301 (1) ("all parties shall be afforded an opportunity for hearing within reasonable time"), assuming its applicability to the issues raised by petitioner.

Nor has petitioner established excessive delay pursuant to Public Health Law § 230 (10) (a) (iv), which explicitly prescribes

the time frame within which the director of the Office of Professional Medical Conduct (OPMC) must direct agency counsel to prepare charges. We reject petitioner's contention that this provision implies a time limit for the investigation of the charges, after which the investigation may be permanently enjoined. The delay in this case was reasonable under State Administrative Procedure Act § 301 and there has been no prejudice to the licensee.

We also reject petitioner's contention that OPMC has a policy to withhold discovery until 10 days before a hearing and that the policy is unwritten, unpromulgated, and unconstitutional. This contention is not only completely unsubstantiated but also irrelevant. Petitioner does not challenge the validity of 10 NYCRR 51.8, which governs disclosure in cases involving possible license revocation and provides for disclosure "[a]t least seven days prior to the first scheduled date of hearing" (10 NYCRR 51.8 [b] [2]).

As we have rejected petitioner's arguments on the merits, we need not reach the issues of failure to exhaust administrative remedies, the apparent lack of ripeness or the mootness of certain arguments. Concur—Gonzalez, P.J., Tom, Friedman, Catterson and Richter, JJ.